# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.

Victor Manuel Quijada (1),

        Defendant.

Case No. 19-cr-276 (DSD/TNL)

**ORDER**

Thomas M. Hollenhorst, Assistant United States Attorney, United States Attorney's Office, 300 South 4th Street, Suite 600, Minneapolis, MN 55415 (for the Government); and

Kevin M. O'Brien, 7101 York Avenue, Suite 340, Edina, MN 55435 (for Defendant).

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on the following motions:

1. Government's Motion for Discovery (ECF No. 14);

2. Defendant's Motion for Discovery (ECF No. 18);

3. Defendant's Motion for Release of *Brady* Materials (ECF No. 19);

4. Defendant's Motion to Retain Rough Notes (ECF No. 20);

5. Defendant's Motion for Disclosure of Rule 404(b) Evidence (ECF No. 21); and

6. Defendant's Motion for Early Disclosure of Jencks Act Material (ECF No. 22).

Based upon the record, memoranda, oral arguments of counsel, and the agreement of the parties as noted at the hearing and in their respective briefs, **IT IS HEREBY ORDERED** as follows:

1.   The Government's Motion for Discovery (ECF No. 14) is **GRANTED**.  The motion seeks discovery available under Federal Rules of Criminal Procedure 12.1, 12.2, 12.3, 16(b), and 26.2.  At the hearing, Defendant had no objection to the motion. Therefore, the Government's motion is granted; Defendant shall comply with his obligations under the Federal Rules of Criminal Procedure. Defendant shall make his expert disclosures no later than 30 days prior to trial.

2.  Defendant's Motion for Discovery (ECF No. 18) is **GRANTED** as follows: Defendant seeks discovery materials, including statements, the prior criminal record of Defendant, items material to the preparation of his defense, results or reports of physical or mental examinations. Defendant also seeks disclosure from the Government of a written summary of any expert testimony the Government intends to use at trial, including the witnesses' opinions, the bases and reasons therefor, and the witnesses' qualifications. At the hearing, the parties agreed that all expert disclosures would be made no later than 30 days before trial. The Government also noted that is has already provided some of these materials to Defendant and is aware of its ongoing duty to disclose.

The Government shall fully comply with its obligations under the Federal Rules of Criminal Procedure, Federal Rules of Evidence, and all other relevant authorities concerning discovery and it shall disclose these materials in a timely fashion. *See* Fed. R. Crim. P. 16(a)(1)(G); Fed. R. Crim. P. 16 advisory committee's notes, 1993 Amendments ("Although no specific timing requirements are included, it is expected that the parties will make their requests and disclosures in a timely fashion."). Regarding expert witnesses, the Government shall make its expert disclosures no later than 30 days prior to trial.

3. Defendant's Motion for Release of *Brady* Materials (ECF No. 19) is **GRANTED IN PART** and **DENIED IN PART** as follows: Defendant seeks evidence favorable to Defendant pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny. Specifically, Defendant requests: (1) any identification of persons other than Defendant by eyewitnesses to the crime; (2) any failure to identify Defendant by any eyewitness to the crime; (3) any statements of witnesses that contradict statements of other witnesses; (4) any statements of any witness that in any way exculpate Defendant; (5) any reports of interviews relating to requests 3 and 4; (6) any fingerprints, handwriting, or other scientific evidence that was not identified with Defendant; (7) any items seized from individuals not charged that tend to identify those individuals with the commission of elements of the offenses charged in the indictment of the crime; (8) any prior convictions of prospective government witnesses; (9) any offers or promises made to prospective government witnesses to induce their cooperation against the defendant whether or not the government intends to call those persons as witnesses; and (10) copies of all videotapes and audiotapes of events relating to the offenses charged in the indictment, in both their original and adulterated forms. The Government responds that it is aware of its obligations under *Brady*, *Giglio*, and their progeny, and that it will continue to comply fully with said obligations. (Gov't Resp., at 2).

The Government shall comply fully with its obligations under *Brady*, *Giglio*, and their progeny. To the extent Defendant's motion seeks discovery and disclosures outside the Government's obligations under these authorities, it is denied. *See United States v. Johnson*, 228 F.3d 920, 924 (8th Cir. 2000) ("Criminal defendants do not have a general

constitutional right to discovery. In most circumstances, then, a defendant must point to a statute, rule of criminal procedure, or other entitlement to obtain discovery from the government") (citing *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977)).

4. Defendant's Motion to Retain Rough Notes (ECF No. 20) is **GRANTED** as follows: Defendant seeks an order directing any law enforcement agent involved in this case to preserve all rough notes pertaining to this matter. The Government does not object to the motion. (Gov't Resp., at 2). Therefore, the Government shall direct its agents involved in this case to retain and preserve any rough notes pertaining to this case.

5. Defendant's Motion for Disclosure of Rule 404(b) Evidence (ECF No. 21) is **GRANTED** as follows: Defendant requests that the Government disclose any evidence it intends to offer at trial pursuant to Rules 404(b) and 608(b) of the Federal Rules of Evidence. The Government indicates it is aware of its obligations under Rule 404. (Gov't Resp. at 2). At the hearing, the parties agreed to a deadline of three weeks before trial for Rule 404(b) and 608(b) disclosures.

Rule 404(b) requires the Government to provide reasonable notice before trial when evidence of a crime, wrong, or other act will be used to "prov[e] motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). "Rule 404(b) . . . applies to the admission of wrongful-act evidence that is extrinsic to the charged offense; the rule does not prevent admission of other wrongful conduct that is intrinsic to the charged offense." *United States v. Ruiz-Chavez*, 612 F.3d 983, 988 (8th Cir. 2010) (citations omitted). "Evidence of other wrongful conduct is considered intrinsic when it is offered for the purpose of providing the context in which

the charged crime occurred." *United States v. Johnson*, 463 F.3d 803, 808 (8th Cir. 2006) (citation omitted). Rule 608 applies to the admission of extrinsic evidence related to "specific instances of conduct" that are probative of the character for truthfulness or untruthfulness of the defendant or any other witness.

Therefore, no later than 21 days prior to trial, the Government shall provide reasonable notice of all extrinsic evidence then known to the Government that it intends to offer at trial within the purview of Federal Rules of Evidence 404(b) and 608(b). If the Government subsequently discovers additional extrinsic evidence, it shall provide reasonable notice of such evidence as soon as practicable after such discovery.

6. Defendant's Motion for Early Disclosure of Jencks Act Material (ECF No. 22), is **DENIED** except as follows: In his motion papers Defendant sought Jencks Act materials at least two weeks before trial. The Government objected to Court-ordered disclosure of Jencks Act materials to two weeks before trial. The parties agreed at the hearing to reciprocal exchange of Jencks Act materials three days prior to trial. "The Jencks Act requires that the prosecutor disclose any statement of a witness in the possession of the United States which relates to the subject testified to by the witness on direct examination." *United States v. Douglas*, 964 F.2d 738, 741 (8th Cir. 1992). "Although the United States need not produce Jencks statements prior to a witness' testimony on direct examination, the United States may agree to early discovery of Jencks material." *Id.* at 741 n. 2. Therefore, no later than three days before trial, the Court expects the parties to provide Jencks Act materials as agreed so as to prevent delays in trial.

7. All prior consistent orders remain in full force and effect.

8. Failure to comply with any provision of this Order or any other prior consistent order shall subject the non-complying party, non-complying counsel, and/or the party such counsel represents to any and all appropriate remedies, sanctions, and the like.

Date: January 13, 2020

_s/ Tony N. Leung_
Tony N. Leung
United States Magistrate Judge
District of Minnesota

_United States v. Quijada_
Case No. 19-cr-276 (DSD/TNL)