```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF MINNESOTA
               Criminal No. 19-276 (DSD/TNL)
```

UNITED STATES OF AMERICA,

       Plaintiff,

  v.                                               **ORDER**

VICTOR MANUEL QUIJADA,

       Defendant.

This matter is before the court upon the pro se motion by defendant Victor Quijada to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Based on a review of the file, record, and proceedings herein, and for the following reasons, the court denies the motion and denies a certificate of appealability.

**BACKGROUND**

On January 29, 2020, Quijada pleaded guilty to two counts of distribution of 50 grams or more of actual methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). The presentence investigation report (PSR) determined that Quijada's guidelines range was 324 to 405 months. Quijada, though his counsel, successfully challenged (1) the drug amounts as set forth in the PSR, which lowered the base offense level from 38 to 34; and (2) the application of a 4-level enhancement for playing a leadership role in the offense. Sent. Hr'g Tr. at 64:14-66:21. As to the

latter, the court instead applied a 2-level enhancement because the record supported a finding that Quijada was an "organizer, leader, manager, or supervisor" in the criminal activity in which he has admitted his involvement.  Id. at 66:22-67:3.

On September 29, 2020, following an evidentiary hearing, the court sentenced Quijada to 200 months' imprisonment, specifically noting that it would have imposed the same sentence even if it had not applied the 2-level enhancement.  The court also noted that although it disagrees with the sentencing commission's policy that offenses involving actual methamphetamine should result in higher sentences than those involving a mixture of methamphetamine, that disagreement did not warrant a variance in this case.  Id. at 76:5-11.  Indeed, the court said that it would have imposed a higher sentence absent that policy disagreement.  Id. at 76:11-12.

After the court imposed the sentence, defense counsel diligently sought clarification as to the basis of the sentence and whether the court had granted a variance.  The court reiterated the basis for the 200-month sentence, specifically noting that it would have imposed the same sentence even if it had ruled differently on the various objections raised by Quijada.  Id. at 78:2-81:23.

Quijada appealed his sentence to the Eighth Circuit Court of Appeals, arguing that the court erred in applying the 2-level enhancement.  After trial counsel filed the initial brief, Quijada

2

asked to include argument regarding the disparity between a mixture and actual methamphetamine, as set forth in the guidelines. Defense counsel did so in the reply brief. The Eighth Circuit affirmed the conviction in all respects. See United States v. Quijada, No. 20-3099, 2021 WL 6137365 (8th Cir. Dec. 29, 2021). Quijada filed petition for rehearing, which again included argument regarding the drug purity issue. The petition was denied. Quijada did not file a petition for certiorari with the United States Supreme Court.

On March 6, 2023, Quijada timely filed this pro se motion under § 2255, arguing that his counsel was constitutionally ineffective in failing to (1) correct the court as to the proper base offense level at sentencing; and (2) raise a claim as to the base offense level on appeal. He argues that his counsel's errors resulted in a higher sentence than he was "supposed to receive." ECF No. 74, at 2. He requests an evidentiary hearing.

### DISCUSSION

**I.   Standard of Review**

Section 2255 provides a federal inmate with a limited opportunity to challenge the constitutionality, legality, or jurisdictional basis of a sentence imposed by the court. This collateral relief is an extraordinary remedy, reserved for violations of constitutional rights that could not have been raised

3

on direct appeal. United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996). When considering a § 2255 motion, a court may hold an evidentiary hearing. See 28 U.S.C. § 2255(b). A hearing is not required, however, when "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003) (citation and internal quotation marks omitted). Here, no hearing is required because the record contradicts Quijada's claims.

**II.   Ineffective Assistance of Counsel**

To show that he received ineffective assistance of counsel, Oliver must meet both prongs of the test set forth in Strickland v. Washington, 466 U.S. 668, 694 (1984). See United States v. Williams, 562 F.3d 938, 941 (8th Cir. 2009). First, he must show that his counsel's performance was so deficient that it was objectively unreasonable. Strickland, 466 U.S. at 687-88. Because "[t]here are countless ways to provide effective assistance in any given case" and different attorneys "would not defend a particular client in the same way," the court reviews the performance of defense counsel with significant deference. Id. at 689. There is a "strong presumption that counsel's conduct falls within the wide range of

4

reasonable professional assistance." Id. Second, Quijada must demonstrate prejudice by showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Id. at 694.

Quijada first argues that his counsel was ineffective for failing to correct the court at sentencing as to the proper base offense level. He seems to contend that the court should have lowered the offense level due to its disagreement with the Sentencing Commission's policy statement regarding actual versus a mixture of methamphetamine. Quijada's argument is untenable.

As an initial matter, the policy disagreement would not affect the base offense level, as it provides a basis for a variance only and does not affect the guidelines calculation. Additionally, the court acknowledged the policy disagreement and stated that it would have imposed a higher sentence absent that disagreement. The fact that the court still imposed a sentence within the guidelines range does not change the analysis. Furthermore, Quijada's counsel pressed the court on this issue, albeit unsuccessfully. As a result, Quijada cannot meet either prong of the Strickland test. His counsel properly addressed the issue and made appropriate arguments in support of his client, and therefore was not deficient. And the court would have imposed the same sentence even if some error had occurred on counsel's part.

5

Quijada next argues that his counsel erred in failing to properly address the issue discussed above on appeal despite telling Quijada that the court's sentence was calculated incorrectly.  As noted, the court properly calculated the guidelines range, and the Eighth Circuit agreed with the calculation and sentence after wholistically assessing the sentence.  Counsel also addressed the purity issue before the Eighth Circuit at Quijada's request, even though it was unlikely to be successful.  The fact that counsel did so on reply rather than in his opening brief does not reflect a deficiency, but rather appropriate discretion given the low probability of success on that issue.  See Charboneau v. United States, 702 F.3d 1132, 1136 (8th Cir. 2013) (internal citations and quotation marks omitted) (holding that appellate review is "particularly deferential when reviewing a claim that appellate counsel failed to rase an additional on direct appeal" in the "exercise of sound appellate strategy").  As a result, Quijada's appellate counsel was not constitutionally ineffective.

In sum, Quijada has not established ineffective assistance of his counsel and therefore has no legitimate basis to proceed under § 2255.  The motion must be denied.

**III. Certificate of Appealability**

To warrant a certificate of appealability, a defendant must make a "substantial showing of the denial of a constitutional right"

as required by 28 U.S.C. § 2253(c)(2). A "substantial showing" requires a petitioner to establish that "reasonable jurists" would find the court's assessment of the constitutional claims "debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 483B84 (2000). As discussed, the court is firmly convinced that Quijada's claim is baseless, and that reasonable jurists could not differ on the results given the nature of his arguments. A certificate of appealability is not warranted.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. The motion to vacate, set aside, or correct sentence [ECF No. 74] is denied; and

2. Pursuant to 28 U.S.C. § 2253, the court denies a certificate of appealability.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: June 26, 2023

                                      s/David S. Doty
                                      David S. Doty, Judge
                                      United States District Court